FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 14  PM 4: 07

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKYIA T. SKINNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0712** |
| **LOYOLA UNIVERSITY LAW CLINIC, ET AL.** | **SECTION "B" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Lakyia T. Skinner, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Loyola University Law Clinic, Luz M. Molina, Jason Garrot, and Shannon Guillory. Plaintiff claims that defendants should be held liable for providing him with ineffective assistance of counsel in a federal civil rights trial.

The instant complaint is based on actions that occurred in connection with a federal civil rights lawsuit plaintiff filed in this district, i.e. <u>Lakyia Skinner v. Harry Lee, *et al.*</u>, Civil Action No. 98-1461.[1] On January 10, 2000, United States Magistrate Judge Karen Wells Roby appointed the Loyola University Law Clinic to represent plaintiff in that lawsuit. On March 1 and 2, 2004, a jury trial was held in the case before United States Magistrate Judge Daniel E. Knowles, III. At that trial,

---

[1] "A court may take judicial notice of related proceedings and records in cases before the same court." <u>MacMillan Bloedel Ltd. v. Flintkote Co.</u>, 760 F.2d 580, 587 (5th Cir. 1985).



plaintiff was represented by Loyola University Law School professor Luz M. Molina and students Jason Garrot and Shannon Guillory. The jury returned a verdict in favor of defendants, and judgment was entered accordingly. That case is currently on appeal. In the instant complaint, plaintiff now alleges that defendants provided him with ineffective assistance of counsel during the course of those proceedings.

Plaintiff filed this lawsuit *in forma pauperis*.[2] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

---

[2] Rec. Docs. 2 and 3.

Construing plaintiff's complaint broadly,[3] the Court finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has brought this lawsuit pursuant 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). Plaintiff's allegations meet neither of those requirements.

Plaintiff claims that defendants provided him with ineffective assistance of counsel in his federal civil rights trial. However, as the United States Eighth Circuit Court of Appeals has noted:

> There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case. It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case.

Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (citation omitted). Because plaintiff's claims in this lawsuit implicate no federal constitutional or statutory right, his § 1983 claims necessarily fail.

Additionally, the named defendants are not state actors. Plaintiff has named as a defendant the Loyola University Law Clinic; however, Loyola University, a private, Roman Catholic university, clearly is not a state actor. See Blouin v. Loyola University, 506 F.2d 20 (5th Cir. 1975);

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

see also Menard v. Board of Trustees of Loyola University, Civil Action No. 04-112, 2004 WL 574727, at *2 (E.D. La. Mar. 22, 2004) (Vance, J.). The remaining defendants, Molina, Garrot, and Guillory, are private citizens unconnected to the state. Accordingly, the named defendants were not acting under color of state law when they allegedly caused plaintiff harm and, as a result, cannot be held liable under § 1983.

Accordingly, plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of March, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

4